**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
**ERIC SANTIAGO,**                      )
                                        )
    **Petitioner,**  )
                                        )        **Criminal Action No.**
    **v.**            )        **18-10412-FDS**
                                        )
**UNITED STATES of AMERICA,**           )
                                        )
    **Respondent.**   )
_____)


**MEMORANDUM AND ORDER ON**
**PETITIONER'S MOTIONS TO VACATE**

**SAYLOR, C.J.**

Petitioner Eric Santiago has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel at trial, during his sentencing, and on appeal. For the reasons set forth below, the motion will be denied.

## I.    Background

On November 7, 2018, a grand jury returned an indictment charging Eric Santiago with possession with intent to distribute, and distribution of, more than 400 grams of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi). The next day, the government filed an information alleging that at the time of the new offense defendant had a prior federal conviction for conspiring to distribute heroin. On July 24, 2019, the grand jury issued a superseding indictment in order to comport with the newly enacted First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").

On April 23, 2018, following a four-day trial, a jury convicted Santiago of the charge contained in the superseding indictment. He was sentenced on July 8, 2020, to the mandatory

minimum sentence of 180 months of imprisonment, ten years of supervised release, and a $100 special assessment.

On July 16, 2020, Santiago filed a notice of appeal.  He raised a variety of claims on direct appeal, including that Count 1 of the indictment was duplicitous.  On March 20, 2023, the First Circuit affirmed the judgment, finding that none of his challenges had merit.  *United States v. Santiago*, 62 F.4th 639, 644 (1st Cir. 2023).

On March 25, 2024, Santiago moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The government has opposed the motion.

## II.    Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may move to vacate, set aside, or correct a sentence.  The relief requested can be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief under § 2255.  *Id.*; *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). In deciding whether a petitioner has met that burden, the court generally must accept his factual statements as true, "but . . . need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets."  *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

## III.    Analysis

Petitioner asserts four grounds for his claim of ineffective assistance of counsel.  He contends that (1) his trial counsel failed to challenge the indictment on duplicity grounds both before and during his trial; (2) his attorney failed to move to dismiss the indictment under the

Speedy Trial Act, 18 U.S.C. § 3161; (3) his attorney failed to assert at sentencing that the First

Step Act affected the applicability of the sentencing enhancement in 21 U.S.C. § 851; and (4) his

appellate counsel failed to raise any of his trial counsel's alleged errors on direct appeal.  None

of those grounds is meritorious.

A petitioner claiming a violation of the Sixth Amendment right to effective assistance of

counsel must show that "counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the [petitioner] by the Sixth Amendment."  *Strickland v. Washington*, 466

U.S. 668, 687 (1984).  To succeed on such a claim, a petitioner must establish both (1) that his

counsel provided deficient assistance and (2) that he suffered prejudice as a result.  *Id.*

The first prong requires a petitioner to demonstrate that his counsel's performance fell

below an objective standard of reasonableness.  *Id.* at 689.  A court making that evaluation "must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance."  *Id.*  A petitioner may overcome that presumption by demonstrating that

counsel's alleged errors were so serious that his performance "fell below an objective standard of

reasonableness under the circumstances."  *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007).

The second prong requires petitioner to show that counsel's deficient performance resulted in

"prejudice"—that is, "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

### A.      Claimed Failure to Challenge the Indictment as Duplicitous

Petitioner first contends that he suffered prejudice as a result of his trial counsel's failure

to challenge the indictment as duplicitous.[1]  He asserts that the indictment was defective because

---

[1] Specifically, petitioner contends that his counsel failed to investigate, seek dismissal of the indictment, object at trial, and object to the Presentence Report based on the purportedly duplicitous count.  (Pet. at 3, 9, 10, 11).

the count of his conviction contained two apparently distinct offenses—"distribution" and "possession with the intent to distribute."  (ECF No. 58 at 1).

A petitioner moving under § 2255 cannot reassert arguments that he raised on direct appeal.  As the First Circuit held in *United States v. Doyon*, "[t]o the extent that [petitioner] is reasserting the argument that he made on direct appeal, he is barred from relitigating that issue on collateral review." *Doyon*, 16 F. App'x 6, 9 (1st Cir. 2001) (citing *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994)).  That rule also applies when a petitioner attempts to "repackage" a claim litigated on direct appeal as an ineffective-assistance-of-counsel claim in a § 2255 motion.  *United States v. Watson*, 98 F. Supp. 3d 225, 234 (D. Mass. 2015).

Here, the First Circuit considered on direct appeal whether petitioner was prejudiced by the purportedly duplicitous count.  *See Santiago*, 62 F.4th at 645-46.  It concluded that he was not because the "distribution" and "possession" offenses "had merged into one [offense] based on what the evidence had shown." *Id.* at 645.  Petitioner is thus barred from reasserting that claim under § 2255.

### B.     Claimed Failure to Seek Dismissal for Speedy Trial Violations

Petitioner next contends that his trial attorney improperly failed to seek dismissal based on purported violations of the Speedy Trial Act, 18 U.S.C. § 3161.

The Speedy Trial Act provides that when a defendant has entered a plea of not guilty, a trial should commence within seventy days of the time the defendant appears "before a judicial officer of the court" in which charges against the defendant are pending, subject to various periods of exclusion.  18 U.S.C. § 3161(c)(1).  Petitioner first appeared in court on December 6, 2018.  His trial did not commence until February 10, 2020.

Section 3161(h) of the Speedy Trial Act provides for several exclusions to the calculation of the seventy-day period.  For example, among other things, time between the filing of a pretrial

motion and its disposition is excludable under § 3161(h)(1)(D).  Time may also be excluded at the discretion of the court under § 3161(h)(7)(A) when the Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The statute provides that when excluding time under this section, a court must state "in the record of the case, either orally or in writing, its reasons for [that] finding." 18 U.S.C. § 3161(h)(7)(A).  *See Zedner v. United States*, 547 U.S. 489, 509 (2006) ("This provision demands on-the-record findings.").

Here, the total period of time between petitioner's arraignment and trial was 431 days. However, during that time, the Court entered twelve orders excluding that delay pursuant to the Speedy Trial Act, generally to allow counsel time for discovery and pretrial preparation.[2] Accordingly, the time period under the Speedy Trial Act between his first appearance in court and his trial did not exceed the seventy-day limit of the statute.  *See* 18 U.S.C. § 3161(c)(1). Petitioner cannot therefore show that he suffered any prejudice from his counsel's alleged failure to seek dismissal on that basis.

### C.      Claimed Failure to Challenge the Presentence Report

Petitioner next contends that his trial counsel was ineffective by failing to object to the sentencing calculation included as part of the Presentence Report ("PSR") submitted by the U.S. Probation Office.  Specifically, he contends that the adoption of the First Step Act should have lowered the mandatory minimum sentence and guideline range calculated in the PSR.

When petitioner was first indicted on November 7, 2018, he was charged with distributing more than 400 grams of fentanyl under 21 U.S.C. § 841(b)(1)(A)(vi).  (ECF No. 11). At the time, that statute directed that any defendant found to have violated it after a prior felony

---

[2] (*See* ECF Nos. 20, 27, 30, 34, 41, 48, 49, 55, 57, 88, 90, 92).

drug offense was subject to a mandatory minimum sentence of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(A) (2010).  The day after the indictment, pursuant to 21 U.S.C. § 851, the government filed an information alleging that petitioner had previously been convicted of a "conspiracy to possess with intent to distribute a mixture and substance containing 100 grams or more of a detectable amount of heroin" before the charged offense.  (ECF No. 14).  Thus, as of November 8, 2018, the allegations in the indictment and information produced a potential mandatory minimum sentence of 20 years.

However, on December 21, 2018, the First Step Act went into effect.  Among other things, that statute narrowed the range of prior convictions that could trigger mandatory minimum penalties to "serious drug felonies"—defined as felonies resulting in a term of 12 months imprisonment or more from which a defendant was released within 15 years of the later offense—and reduced the mandatory minimum sentence from 20 years to 15 years.  *See* First Step Act § 401(a).

Presumably in light of the intervening change in the law, the grand jury issued a superseding indictment on July 24, 2019.  (ECF No. 58).  Along with realleging the core criminal conduct, the new indictment charged that petitioner had been previously convicted of a "serious drug felony," which upon his conviction made him subject to the 15-year mandatory minimum sentence required by the amended statute.  (*Id.*).

At sentencing, the Court sentenced petitioner to 180 months of incarceration, as required by the amended statute.  Petitioner's counsel objected, in general terms, to the duration of that sentence, but that objection was unavailing in light of the statutory requirements of 21 U.S.C. § 841(b)(1)(A).  (*See* ECF No. 151 at 11-12).  Contrary to petitioner's contention, therefore, the

sentence imposed was in accordance with the First Step Act, his counsel did not provide any deficient assistance, and he was not prejudiced by any failure by counsel to raise an objection.

### D. Claimed Failure of Appellate Counsel

Petitioner finally contends that his appellate counsel was ineffective by failing to raise any of the preceding issues on direct appeal. As to the claim that the indictment was duplicitous, appellate counsel did in fact raise the issue. As to the other claims, because none of the errors identified by petitioner have merit, he cannot show that his appellate counsel was either deficient in failing to raise them or that he was prejudiced by any such failure. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal").

### IV. Conclusion

For the foregoing reasons, the motion of petitioner Eric Santiago to vacate, set aside, or correct his sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  April 23, 2024